### THE L. S. & M. S. RY. CO. v. LUCE & CO.

1. DELIVERY OF GOODS BY FREIGHT AGENT.

It is not negligence upon the part of a railroad company to deliver goods to the party who ordered them and to whom they were shipped, even though he be a person other than the one in the mind of the shipper.

HAYNES, J.

This cause was heard, by agreement of counsel, before Judges Haynes and King, Judge Scribner having been originally in the case.

This action was originally brought in the court of common pleas by C. L. Luce & Company against the Lake Shore and Michigan Southern Railway company, for an alleged wrongful delivery of certain freight that had been shipped from Toledo by Luce & Company to parties in Kendallville, Indiana, and such proceedings were had in the court of common pleas that a judgment was rendered against the Lake Shore company, which now prosecutes this petition in error to reverse that judgment. There is an agreed statement on file as to the leading facts in the case.

It appears that on or about the 13th of February, 1884, C. L. Luce & Company, who were then doing business as wholesale dry goods merchants, at Toledo, Ohio, received an order, in writing, by letter, dated Kendallville, Indiana, February 12, 1884. There is no heading to that letter—nothing to indicate that the party carried on any business of any kind whatever—which reads as follows:

KENDALLVILLE, IND., *February 12, '84.*
*Messrs. C. L. Luce & Co., Nos. 132 & 134 Summit St., Toledo, O.:*

GENTLEMEN: As I am in want of a line of Clark's O. N. T. spool cotton to sort up and also a few dozen Coates', will favor you with an order for which you may draw on me at the end of thirty days, etc.

Please ship the following via freight. (And then the letter gives a list of the spool cotton desired, and says:) An early shipment will oblige, etc.

Yours truly,

H. D. WARD, per L.
Lock Box No. 247, Kendallville, Ind.

On the same day, Luce & Company packed the goods and delivered them to the Lake Shore Railway. The bill of lading reads:

"Shipped by C. L. Luce & Company, etc., one case of dry goods, 200 pounds weight, marked H. D Ward, Kendallville, Ind., W. L. Stow, Agt."

Those goods arrived at Kendallville in the regular course of freight.

5 C. C. 10

At the same time that they were shipped Luce & Company made out an invoice of the goods and mailed the same to H. D. Ward, directed to H. D. Ward, Lock Box 247, Kendallville, Indiana. The day before the goods arrived at Kendallville, a party appeared at the depot and asked for a certain box of goods, saying that his name was H. D. Ward and that he had ordered some goods. He was informed that they had not arrived yet, but would probably be along the next day. On the next day he went to the depot, about the time that the freight train was in and the car had been left there, and the employees of the railroad were unloading it, and, amongst other things they passed out a box or package of goods and this party remarked that those were his goods and asked for them. The agreed statement of facts says:

"Upon the arrival of said case of goods at Kendallville, to wit, the —— day of February, 1884, the said H. D. Ward called at the defendant's warehouse for the same, and represented to the said defendant's clerk or agent that his name was H. D. Ward. That he was living at the Kelley house in said city, and that he was the party who had ordered and purchased the case of goods and to whom the same was shipped and consigned. The agent or clerk of said defendant thereupon delivered the goods to said party and took his receipt therefor, accepting the statements of said party to be true and knowing nothing to the contrary. Said case of goods was in fact purchased and ordered of said plaintiffs by the party to whom said goods were delivered."

The agreed statement of facts preserves the right of either party to offer further testimony, and the deposition of the agent of the railroad company, who was then, and has been for a great many years at Kendallville, was taken, in which he says that he asked the party who applied for the goods if his name was H. D. Ward; and says:

"I asked him if he had a bill of lading and he replied that the shipper did not send one. Then he exhibited to me some letters bearing his address. I refused then to deliver. Then he asked me if the shipper's invoice would answer. I said yes, and asked him who the shipment was from. He stated he bought the goods of C. L. Luce & Co., of Toledo, Ohio. Thereupon I looked at the margin of the waybill and found that the shipper was C. L. Luce & Co., of Toledo. The party then produced and exhibited to me the invoice of the goods and the letter bearing his address in which the same was mailed to him. He said the goods were his; bought by him of Luce & Co., of Toledo; and demanded their delivery. Thereupon I delivered the same to him, taking his receipt therefor, which is hereto attached."

Mr. Arther B. Luce is called upon to testify also, and he states that in the summer of 1884 he went to look up the facts in regard to these goods and called upon the agent at Kendallville, and he stated to him substantially as is stated in the agreed statement of facts. The agent testifies that he told him that he also exhibited to him the letter and invoice as stated.

Luce & Co. took no immediate steps about the matter, but let it remain for some time.

The agreed statement of facts shows further, that there *was* a man by the name of H. D. Ward, who was a merchant at Kendallville, Indiana, and had been for a great many years, and carried on a general store there, and that he had formerly traded with C. L. Luce & Co., buying and receiving goods from them, but had not done so for some time prior to the 12th of February, 1884—perhaps not for several years. It further

appears that at the time that C. L. Luce & Co. received this order for these goods, they telegraphed their agent at Kendallville inquiring as to the standing of H. D. Ward, and received a reply that he was still in good standing. The party who received these goods disappeared from Kendallville, and according to the agreed statement of facts, has never been heard from since. He never paid for the goods and converted them to his own use.

On this statement of facts the case was submitted, under the charge of the court, to the jury. The jury returned a verdict for the plaintiff. A motion for a new trial was filed, on the ground that the verdict was not sustained by sufficient evidence and was contrary to law, and for the further reason that the court erred in refusing to give the jury a certain request which was made by the defendant company, said request is as follows :

"If the jury find from the evidence in this case that the agent of the railroad company delivered the goods in question to the party who bought and ordered the goods of Luce & Company, and he was indentified by the production of the original invoice and letter addressed to him, then, and in that case, the company cannot be held responsible in this case for such delivery, and your verdict should be for the defendant."

This case has been very fully argued before us and quite a number of authorities have been cited upon either side, to the citation and reading of which we have listened, and after a very full discussion of the facts and the law of the case, we are of the opinion that the verdict in this case should be set aside and the judgment of the court of common pleas reversed.

It will be noted that in this case the goods were ordered of C. L. Luce & Company by a party giving his name as H. D. Ward. There is nothing in the record to show that his name was *not* H. D. Ward in fact, or that he was not purchasing the goods in his own correct name. Secondly, he ordered these goods by mail, in a letter that was received by Luce & Co. It is claimed by C. L. Luce & Co. that when they received that letter they supposed it came from their former correspondent and patron, H. D. Ward, who was carrying on business at Kendallville. But it seems to us that if they had been doing business prior to that time with H. D. Ward, they were bound to know his signature and his letters, his methods of doing business with them and his address. Now this letter did not have any heading, as it is customary to have, with the name of the parties, where they were carrying on business, or anything of that kind, but it is a letter that is written, in full; and it seems to us that there was some obligation—some duty, upon C. L. Luce & Co. to know that the letter that they received from this supposed correspondent was in fact the true and genuine letter of the party. They, however, having supposed it was from their party, shipped the goods. They sent the invoice directed to H. D. Ward, Lock Box, 247; which was received by him in the regular course of the mail, and when he went to the agent of the company to demand his goods, and when he received them, he had that in his possession. That seems to be agreed upon by all the parties, that he had received that. The only contest is, whether he had submitted that to the agent. The agent says that he did and that he saw it. The only thing to the contrary is an alleged conversation—which is denied—in which it is claimed that he said he had delivered them without seeing this, or had delivered them simply upon the demand of the person who represented himself as the proper person to receive the goods.

It will be observed that the goods were ordered by a man who, so far as this court is concerned, was named H. D. Ward. They were shipped to the party who ordered them and they were delivered to the party who ordered them—there can be no question about that so far as the record is concerned; and the claim that is made here is, that the company still should be liable, for all that, because they did not take steps to ascertain whether this party who received these goods was the party to whom C. L. Luce & Co. supposed they were shipping them at the time of their shipment.

Now it seems to us very clear that there was no negligence upon the part of the company, or the agent of the company, for delivering the goods under the circumstances under which he says he delivered them. For, indeed, do we think there would have been any negligence even if the letter that he speaks of had not been shown to him; for the reason that he had delivered the goods to the party who ordered them and to the party who upon the facts of the case was entitled to receive them, from the fact that he ordered them and that the goods were shipped to him.

In this class of cases, we do not favor the giving to the jury of requests drawn as closely as this is; notwithstanding, we are inclined to think that the court might well have given that charge; and we therefore hold that the court erred in refusing to give the charge that was requested by the railroad company, and that it also erred in refusing to set aside the verdict on the ground that it was not sustained by sufficient evidence and was contrary to law.

The judgment will be in favor of Plaintiff in Error.